IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANDRA MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:10-cv-01137 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Pending before the Court is Plaintiff Sandra Malone's Motion for Summary Judgement on the Administrative Record ("Plaintiff's Motion") (Doc. No. 16), filed with a Brief in Support (Doc. No. 16-1). Defendant Commissioner of Social Security filed a Response to Plaintiff's Motion (Doc. No. 17), to which Plaintiff filed a Reply (Doc. No. 18). Magistrate Judge Brown issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be granted in part and that the case be remanded to the Commissioner for rehearing. (Doc. No. 19.) Defendant filed an Objection to the Report. (Doc. No. 20.) Plaintiff also filed an Objection to the Report. (Doc. No. 21.)

Upon review of the record, the Court **ADOPTS** the Report and Recommendation. Accordingly, Plaintiff's Motion is **GRANTED in part** and the action is **REMANDED** to the Commissioner for rehearing.

1

**I.      BACKGROUND**

   *A. Procedural Background*

   On February 9, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging disability since November 11, 2005. (Tr. 20.) On June 13, 2006, the Social Security Administration ("SSA") denied Plaintiff's applications upon initial review. (Tr. 20.) On June 23, 2006, Plaintiff requested reconsideration. (Tr. 54.) On January 24, 2007, the SSA affirmed its initial determination. (Tr. 54.) Plaintiff filed a timely request on September 25, 2006 for a hearing before the ALJ. (Tr. 52.)

   The Plaintiff was accorded a total of four hearings before the ALJ between July of 2008 and March of 2009. (Tr. 694–800.) Ultimately, Plaintiff's claim was denied by the ALJ on June 11, 2009. (Tr. 17.) In his decision, the ALJ made the following findings of fact:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has congestive heart failure, hypertension, cervical degenerative arthritis, obesity, and adjustment disorder, which are found to be a "severe" combination of impairments, but not severe enough, either singly or in combination, to meet or medically equal the requirements set forth in the Listing of Impairments. Appendix I to Subpart P, Regulations No. 4.

3. [T]he claimant has the residual functional capacity to perform a limited range of light work; lift and carry 10 to 20 pounds; stand and walk four hours in an eight-hour workday (less than one hour uninterrupted); sit eight hours in an eight-hour workday; with limited ability to squat and reach overhead; and should avoid heat, humidity, climbing, and heights. Additionally, the claimant is moderately limited in performing activities within a schedule, maintaining punctuality and attendance, and in completing a normal work week; as well as, with interacting appropriately with co-workers and the general public; and in setting realistic goals.

4. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

5. The claimant is 45 years old, described as a younger individual (20 CFR 404.1563 and 416.963).

6. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

7. Transferability of job skills is not an issue in this decision (20 CFR 404.1568 and 416.968).

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

9. The claimant has not been under a disability, as defined in the Social Security Act, from November 11, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 22-32.)

On June 11, 2009, Plaintiff filed a request for a review by the Appeals Council of the ALJ's unfavorable decision. (Tr. 14.) The Appeals Council denied Plaintiff's request for review on October 1, 2010 (Tr. 5), making the ALJ's decision the final decision of the Commissioner.

On December 2, 2010, Plaintiff filed a Complaint seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.) The Commissioner answered the complaint on February 7, 2011. (Doc. No. 10.) On July 8, 2011, Plaintiff filed a Motion for Summary Judgment on the Administrative Record. (Doc. No. 16.) The Commissioner filed a Response to Plaintiff's Motion on August 8, 2011. (Doc. No. 17.) Plaintiff filed a Reply to the Commissioner's Response on August 29, 2011. (Doc. No. 18.)

On November 23, 2011, Magistrate Judge Brown issued his Report, in which he recommended that Plaintiff's Motion be granted in part and remanded to the Commissioner for rehearing. (Doc. No. 19.) Defendant filed an Objection to the Report on December 2, 2011, in which he objects to the Report's finding that the Commissioner failed to carry his burden of evidence regarding the number of jobs a claimant with Plaintiff's residual functional capacity can perform. (Doc. No. 20.) Plaintiff also filed Objections to the Report on December 7, 2011,

3

in which she asserts the following three objections:

1. Plaintiff objects to the Report's remand for further proceedings instead of a remand for payment of benefits;

2. Plaintiff objects to the Report's determination that the ALJ found that vocational expert Dr. Anchor's testimony was consistent with the DOT;

3. Plaintiff objects to the Report's finding that the testimony of vocational expert McBroom-Weiss is unreliable.

(Doc. No. 21.)

   *B. Factual Background*

In her Motion, Plaintiff adopted the ALJ's findings of fact with regard to steps one through four of the sequential evaluation that the ALJ is required to perform. The adopted findings of fact include those regarding Plaintiff's lack of substantial gainful activity, presence of a "severe" impairment, impairment equivalence, and residual functional capacity ("RFC"). Because Plaintiff has adopted the ALJ's findings of fact with regard to steps one through four, no additional review of Plaintiff's medical record is necessary in this case.

The only findings of fact contested by the Plaintiff are those at step five of the sequential evaluation, relating to the number of jobs in the economy that Plaintiff is capable of performing. The ALJ's findings of fact in step five were based on the testimony provided by two vocational experts ("VE"), Dr. Kenneth Anchor and Ms. Michelle McBroom-Weiss, respectively given on November 12, 2008 and March 2, 2009. (Tr. 736-800.)

**II. STANDARD OF REVIEW**

The Court's review of the Report is de novo. 28 U.S.C. § 636(b). However, review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health &*

*Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the merits of Plaintiff's claim than did the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

**III.    ANALYSIS**

   A. *Vocational Expert Testimony*

Because Plaintiff adopted the Commissioner's findings at steps one through four of the

five-step sequential evaluation, the sole issue presented to the Court regarding the Commissioner's decision is whether the Commissioner carried his burden of proof in demonstrating that there were a "significant" number of jobs available to Plaintiff, given her RFC. (Doc. No. 16 at 2.)

At step five, the burden of proof shifts from the claimant to the Commissioner, who must demonstrate by a substantiality of the evidence that there is work in the national economy which the claimant is capable of performing. *Hephner v. Matthews*, 574 F.2d 359, 361 (6th Cir. 1978). The jobs must be available in significant numbers and must be appropriate to the claimant's age, experience, and educational background. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This burden can be carried by employing the SSA's "grid regulations," so long as "the claimant's characteristics precisely coincide with the grid." 20 C.F.R. § 404.1569; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Otherwise, the "grid regulations" are "used at most for guidance in the disability determination." *Id.* Under these circumstances, the Commissioner can carry his burden through the employment of VE testimony. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Ordinarily, VE testimony is provided by posing a hypothetical question regarding the existence of available jobs for a theoretical job-seeker with the characteristics and RFC of the claimant. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Finally, when considering the "substantiality of the evidence," the proof offered by the Commissioner in attempting to carry his burden "must be based upon the record taken as a whole." *Futernick v. Richardson*, 484 F.2d 647 (6th Cir. 1973).

In this case, the Commissioner attempted to carry his burden through VE testimony. On three occasions, the ALJ hearing Plaintiff's case entertained testimony from different VEs. (Tr.

6

730-733; Tr. 749-765; Tr. 771-799.) However, the Court finds that the testimony of the three VEs is insufficient to carry the Commissioner's burden at step five.

The first VE, Ms. Lisa Courtney, testified before the ALJ on April 1, 2008. (Tr. 704.) The ALJ posed a hypothetical to Ms. Courtney based upon the limitations set forth in the assessments of Plaintiff's RFC designated Exhibit 8F and Exhibit 9F, which were drawn from medical examinations and documentation submitted before the April 1 hearing. (Tr. 346-351, 352-369.) Following Ms. Courtney's testimony, the ALJ ordered further findings regarding Plaintiff's RFC, including a consultative exam conducted on October 17, 2008. (Tr. 627-633.) The findings of this exam, added to the record as Exhibit 25F, assigned greater restrictions on Plaintiff's RFC than those contained in Exhibits 8F and 9F, and were incorporated into the ALJ's hypotheticals that he posed to VEs at subsequent hearings. (Tr. 750, 772.)

In order for VE testimony in response to hypothetical questions to assist the Commissioner in carrying his burden at step five of the sequential evaluation, those hypotheticals must "accurately portray" the claimant's physical and mental impairments. *Varley*, 820 F.2d at 779. Because Ms. Courtney's testimony was provided in response to hypothetical questions based on an earlier, inaccurate assessment of Plaintiff's RFC, her testimony is unreliable.

Dr. Anchor, the second VE, testified at a hearing conducted on November 12, 2008. (Tr. 750-766.) In the course of his testimony, Dr. Anchor provided seemingly inconsistent answers (Tr. 757), was unable or reluctant to provide specific DOT codes during cross-examination (Tr. 762), was unwilling to share the documents to which he referred in the course of his testimony (Tr. 754), and failed to provide promised supplementary information following the hearing, in accordance with an order of the ALJ (Tr. 174, 764). During a subsequent hearing, the ALJ posed the same hypothetical question to the third VE, Ms. McBroom-Weiss, as he had posed to Dr.

7

Anchor, stating that he would ask the same questions of her "in view of the issues surrounding Dr. Anchor's testimony." (Tr. 771.)

The ALJ's decision does not include any reference to Dr. Anchor, nor does it include any of the information that he provided during his testimony. (Tr. 20-32.) The Magistrate Judge found that the ALJ implicitly rejected Dr. Anchor's testimony by not including it in the final decision. (Doc. No. 19 at 8.) Given the difficulty in obtaining Dr. Anchor's testimony and the ALJ's attempt to substitute Dr. Anchor's testimony with Ms. McBroom-Weiss's testimony during a later hearing, the Court agrees with the Magistrate Judge's conclusion. Further, the Court finds that substantial evidence supports the ALJ's decision to reject Dr. Anchor's testimony. For these reasons, Dr. Anchor's testimony cannot fulfill the Commissioner's burden of demonstrating at step five that significant numbers of jobs are available to the Plaintiff appropriate to her RFC.[1]

Ms. McBroom-Weiss, the third VE, testified at a hearing on March 2, 2009. (Tr. 771-799.) The ALJ posed the same hypothetical question to her that he had used with Dr. Anchor at the previous hearing, employing the same restrictions and requirements in the hypothetical. (Tr. 771-773, 750-751.) In the course of her testimony, Ms. McBroom-Weiss identified a total of 239 jobs available for a hypothetical claimant with Plaintiff's RFC. (Tr. 797.) These jobs included 59 towel folder jobs, 100 electrical assembler jobs, and 80 security systems monitor jobs within the state of Tennessee. (Tr. 797.) Within the national economy, Ms. McBroom-

---

[1] Plaintiff objects that the Magistrate Judge erred in finding that the ALJ had ascertained that Dr. Anchor's testimony was consistent with the Dictionary of Occupational Titles ("DOT"), as required by Social Security Ruling 00-4p. This objection is moot in light of the Court's findings; however, the Court notes that the ALJ did explicitly ask Dr. Anchor if his testimony was consistent with the DOT (Tr. 752). Plaintiff does not provide any law that failure to explicitly state this in his order renders the ALJ's determination invalid. Plaintiff's objection therefore lacks merit.

8

Weiss testified that there were 3,600 towel folder jobs, 6,100 electrical assembler jobs, and 7,200 security systems monitor jobs. (Tr. 797.) Ms. McBroom-Weiss arrived at these numbers by using a program, which she referred to as SkillTRAN, and which she testified is designed to take the number of jobs identified by the DOT entries and reduce that number based upon modifiers supplied by census-derived data compiled by Occupational Employment Statistics, a program of the Bureau of Labor Statistics. (Tr. 774.)

The Magistrate Judge found Ms. McBroom-Weiss's testimony to be reliable because SkillTRAN constitutes "'reliable job information available from various governmental and other publications.'" (Doc. No. 19 at 9) (quoting 20 C.F.R. §§ 404.1566(d) & 416.966(e)). The Magistrate Judge nonetheless found that the ALJ committed reversible error by finding that the number of jobs Ms. McBroom-Weiss identified constitutes a significant number. (*Id.*) Plaintiff objects to the Magistrate Judge's finding that Ms. McBroom-Weiss's testimony is reliable (Doc. No. 21 at 6), and Defendant objects to the finding that the identified number of jobs does not constitute a significant number (Doc. No. 20 at 1-2).

The Court agrees with the Magistrate Judge that the 16,900 jobs in the national economy and 239 jobs in Tennessee do not constitute a significant number, and that the reliability of Ms. McBroom-Weiss's testimony is therefore irrelevant. Defendant's reliance on *Harmon v. Apfel*, 168 F.3d 289 (6th Cir. 1999) and *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988) is in error and the Magistrate Judge was correct in distinguishing these two cases from the current case. First, in *Hall*, the testimony of the VE established the existence of 1,350 to 1,800 regional jobs that the claimant could perform. *Hall*, 837 F.2d at 275. No finding was reached regarding the number of jobs in the national economy. Here, Ms. McBroom-Weiss established the existence of only 239 regional jobs. The difference between the potential 1,800 regional jobs identified in *Hall* and

9

239 regional jobs in this case is stark. We agree with the Magistrate Judge that 239 jobs does not constitute a "significant" number.

Next, in *Harmon*, a VE identified the existence of 700 jobs available regionally, and 700,000 available jobs in the national economy. *Harmon*, 168 F.3d at 292. The Sixth Circuit held that testimony indicating a relatively small number of regional jobs but a large number of nationally available jobs would support a finding of a "significant" number of jobs. *Id.* Again, the current case is distinguishable. The VE in *Harmon* found 700,000 nationally available jobs, as compared to Ms. McBroom-Weiss's identification of only 16,900 jobs. As the Magistrate Judge correctly noted, this results in an average of 338 jobs per state. (Doc. No. 19 at 10.) As the Sixth Circuit said in *Hall*, there is no "special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." *Hall*, 837 F.2d at 275. The Court agrees with the Report's finding that the number of jobs identified by Ms. McBroom-Weiss do not amount to a "significant number."

Finally, as Dr. Anchor's testimony was discredited by both this Court and the ALJ, the Court need not consider Defendant's objection that the Magistrate Judge should have considered Dr. Anchor's identification of a higher number of jobs. (Doc. No. 20 at 2.) Because there was no VE testimony that was both credible and established a significant number of jobs that a person with Plaintiff's RFC could perform, the Commissioner did not carry his burden at step five of the sequential evaluation. *See Hephner*, 574 F.2d at 361.

  B. *Remand for Benefits or Remand for Rehearing*

In the Report, the Magistrate Judge recommended that, because the Commissioner did not carry his burden at step five of demonstrating the existence of a "significant" number of available jobs appropriate to Plaintiff's RFC, the case should be remanded for "further

10

proceedings." (Doc. No. 19 at 10.) Plaintiff objects to this recommendation if "further proceedings" means anything other than a remand for benefits. (Doc. No. 21 at 2.) Plaintiff claims that this case meets the Sixth Circuit's test for remand for payment of benefits articulated in *Faucher v. Sec'y of Health & Human Services*, 17 F.3d 171 (6th Cir. 1994). (*Id.*) Plaintiff claims that, in accordance with the requirements of *Faucher*, "there are no 'factual issues'" remaining to be resolved. (*Id.*)

In *Faucher*, the Sixth Circuit stated that if a court finds that "substantial evidence does not support the Secretary's decision," then the court has the discretion to reverse the decision and award benefits "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. The Court finds that, although the Commissioner did not meet his burden at step five, there still remain "essential factual issues" that must be resolved and that the record does not "adequately establish" Plaintiff's entitlement to remand for payment of benefits.

Because the Court has rejected the testimony of all the VEs who testified before the ALJ, there is now no credible evidence in the record at step five of the sequential evaluation regarding the number of jobs available for a person with Plaintiff's RFC. Though the Commissioner failed to carry his burden, that failure does not, in itself, require a remand for benefits. In fact, given the facts of this case, *Faucher* militates against the Plaintiff's requested remand for payment of benefits. In *Faucher*, the Sixth Circuit stated:

> [W]hen the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration.

11

*Faucher*, 17 F.3d at 175. The Court finds that the appropriate action here, as contemplated in *Faucher*, is to remand this case for further consideration.

## IV. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the Report and Recommendation and **REMANDS** this case for further proceedings. This Order terminates this Court's jurisdiction over this action and the Clerk is **DIRECTED** to close the case.

It is so ORDERED.

Entered this day the  30th  day of March, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT